IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEO SPECIALTY CHEMICALS, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> LINDA KORDI KAKAVAND and GULBRANDSEN TECHNOLOGIES, INC., <br><br> **Defendants.** | 1:16-cv-2629-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff GEO Specialty Chemicals, Inc.'s ("Plaintiff") Motion for Temporary Restraining Order and Preliminary Injunctive Relief [2] ("TRO Motion"). Also before the Court is Plaintiff's Motion for Expedited Discovery [3].

**I.   BACKGROUND**

On July 20, 2016, Plaintiff filed its Complaint [1] and TRO Motion. In its TRO Motion, Plaintiff claims that, on June 13, 2016, Defendant Linda Kordi Kakavand resigned from her position with Plaintiff. Two days after submitting her resignation, Plaintiff claims Ms. Kordi transferred files from her work computer to a flash drive (the "Flash Drive"). The files purportedly contain Plaintiff's trade

secrets and proprietary information.  Plaintiff claims Ms. Kordi "has refused to turnover this Flash Drive to GEO in violation of her contractual, statutory, and common law duties." (TRO Motion at 2).  Plaintiff also claims Plaintiff's employment with Defendant Gulbrandsen Technologies, Inc. ("Gulbrandsen") (together with Ms. Kordi, "Defendants") is a violation of Ms. Kordi's contractual,[1] statutory, and common law duties.  (Id.).  Plaintiff seeks a temporary restraining order restraining order (1) enjoining Plaintiff from working for Gulbrandsen, (2) prohibiting Defendants from using, copying, disclosing, or sharing any proprietary, confidential, or trade secret information belonging to Plaintiff for any purpose, and (3) requiring Ms. Kordi to return all confidential information to Plaintiff, including the Flash Drive she allegedly misappropriated.  Plaintiff also filed its Motion for Expedited Discovery.

The same day, the Court held an *ex parte* hearing on Plaintiff's TRO Motion.  The Court declined to issue an *ex parte* TRO order, including because Plaintiff failed to include a certification of efforts made to give notice to Defendants and the reasons why notice should not be required, in accordance with

---

[1] Plaintiff signed an Employment Agreement that contains a three-year non-compete obligation, and a Confidentiality Agreement prohibiting her from using or disclosing Plaintiff's confidential information after her employment ended.

Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure.  ([5]).  The Court scheduled a hearing on the TRO Motion to be held on August 1, 2016, and required Plaintiff to notify Defendants of the hearing.  (July 21, 2016, Order).

On July 27, 2016, Defendants filed their response to the TRO Motion [15].  In it, Defendants provided the declarations of Ms. Kordi and Jeff Roberts, Gulbrandsen's Vice President of Commercial Operations.  Defendants argue, among other things, that Ms. Kordi returned all of Plaintiff's flash drives, including the Flash Drive, and other equipment and samples, and that Ms. Kordi's knowledge of Plaintiff's "trade secrets" is actually information that is widely-known throughout the water treatment industry.

On August 1, 2016, the Court held a hearing on Plaintiff's TRO Motion.  At the hearing, Plaintiff presented evidence and testimony that Ms. Kordi tendered her resignation on June 13, 2016, because she had accepted a job at Gulbrandsen, Plaintiff's competitor.  The evidence further showed that a forensic analysis of Ms. Kordi's work computer revealed data from a "my documents" folder she created likely was transferred to the Flash Drive.  The evidence shows that, at 2:56:46 PM GMT on June 15, 2016—the day after Ms. Kordi was told she should not travel to meet with Plaintiff's customers and that a transition plan was being developed in light of her resignation to take a new job at a competitor—Ms. Kordi

plugged the Flash Drive into her work computer. (Pl.'s Ex. 1). At 2:57:48 PM GMT the same day, her computer logged a "File System Created" event on the Flash Drive. (Pl.'s Ex. 2 at 13). According to Plaintiff's forensic expert, this event is logged if a folder or document is copied from one device to another, suggesting a document or folder was transferred from Ms. Kordi's work computer to the Flash Drive. The "my documents" folder on the Flash Drive bears the same lower-case name as the "my documents" folder on Ms. Kordi's work computer. (Pl.'s Ex. 3). The name of the folder indicates it is a user-created folder, rather than a default system folder. The "my documents" folder on Ms. Kordi's work computer contains several documents containing purportedly proprietary information, including pricing data and a "Product Name Master List" which contains Plaintiff's chemical formulas, freight shipping rates, and other information. (See id.). While Plaintiff could not conclusively show which documents from the folder were transferred, several documents in the folder purportedly contained sensitive information, including information pertaining to chemical formulas for Plaintiff's products, customer data, and freight shipping rate data.

**II.    DISCUSSION**

   A.    Legal Standard

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." Schiavo ex. rel Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (per curiam).  "[A] [temporary restraining order or preliminary injunction] is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." SunTrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001) (per curiam) (citation omitted).

   B.    Analysis

After considering the briefs submitted and the testimony and evidence presented during the August 1, 2016, hearing on the TRO Motion, the Court determines that Plaintiff fails to meet its burden to show a substantial likelihood of success on the merits to justify temporarily enjoining Ms. Kordi from working for her new employer, Gulbrandsen.  While there is circumstantial evidence to support that Ms. Kordi may have transferred sensitive documents to the Flash Drive, the

Court is not, at this point, persuaded that the evidence is sufficient to show what, if any, use was made of the information she acknowledges was on the Flash Drive. The Court also is not persuaded that the sensitive documents contained confidential information, trade secrets, or information sufficient now to show a likelihood of success on the merits. The Court finds further that, even if Plaintiff demonstrated a substantial likelihood of success on the merits, a temporary restraining order enjoining Ms. Kordi's employment at Gulbrandsen would be denied because Plaintiff failed to meet its burden to show it would suffer irreparable harm in the absence of injunctive relief. Scott Lang, a Senior Vice President with Plaintiff, testified that, if its trade secrets and proprietary information were revealed to Gulbrandsen or other direct competitors, Plaintiff would be required to invest time and resources to reformulate its products to win back lost business. It appears any short-term harm to Plaintiff would be quantifiable, and thus not irreparable. The Court denies Plaintiff's TRO Motion.

Based on the briefs submitted, the information presented at the hearing on Plaintiff's TRO Motion, as well as the Court's observations of the credibility of the witnesses at the hearing, the Court finds the circumstantial evidence supports that the Flash Drive connected by Ms. Kordi to her laptop was made, directly or

indirectly, unavailable by Ms. Kordi.[2]  The evidence presented shows the representations Ms. Kordi made in her affidavit regarding the Flash Drive are not credible, especially her claim that the Flash Drive was returned and, if not, it was lost by Plaintiff or its forensic consultant.  Under these circumstances, and because Plaintiff is entitled to promptly investigate its claims, the Court finds expedited discovery is warranted, as ordered below.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order is **DENIED**, but that Plaintiff is entitled to expedited discovery to prepare for a hearing on its Motion for a Preliminary Injunction.

**IT IS FURTHER ORDERED** that Ms. Kordi shall, by 5:00 p.m. August 2, 2016, produce the Flash Drive to the Court.  If the Flash Drive is unavailable, Plaintiff shall file her affidavit, under oath, stating its disposition.

**IT IS FURTHER ORDERED** that Ms. Kordi is required to disclose, by 5:00 p.m. on August 3, 2016, each device, database, or other storage medium,

---

[2]  Defendants elected to rely on the declaration Ms. Kordi executed in support of her and Gulbrandsen's response to Plaintiff's TRO Motion.  Ms. Kordi did not testify at the hearing.

including, but not limited to, cellular telephones, computers, laptops, tablets, flash drives or other external storage devices, DVDs or other digital optical discs, and cloud storage services, that was in her possession, custody, or control, or which she was using during the period June 13, 2016, to the present, whether the device, database, or storage medium was for personal or work-related purposes (the "Devices").  Ms. Kordi shall not use, modify, or otherwise tamper with the Devices or their contents.

**IT IS FURTHER ORDERED** that the parties are required to identify to the Court, on or before 5:00 p.m. on August 5, 2016, an agreed-upon independent forensic expert to analyze the Devices.

**IT IS FURTHER ORDERED** that Gulbrandsen is required to search for, identify, and produce, on or before 5:00 p.m. on August 12, 2016, any and all documents and information Ms. Kordi transferred to, created, or otherwise placed on, any electronic device, database, or storage medium in Gulbrandsen's possession, custody, or control, or to which it has access.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Discovery [3] is **GRANTED**.  The parties are required to file, on or before 5:00 p.m. on August 5, 2016, their joint preliminary report and discovery plan.

Discovery in this matter is required to be completed on or before September 2, 2016.

**SO ORDERED** this 1st day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE